# United States District Court
# District of New Hampshire

Civil Case Number_____

Kevin Rogers          *(Plaintiff)*
Pro Se
P.O. Box 71
Campton, NH 03223
(603) 728-7199

vs.

The Honorable Michael H. Garner    *(Defendant)*
In his professional capacity as a
family Court judge, in the 4th Circuit
Court, Family Division
26 Academy St.
Laconia, NH 03246
(855) 212-1234
   vs.
Edythe Murphy          *(Defendant)*
13 Drake Rd.
P.O. Box 234
New Hampton, NH 03256
   *represented by*
Ora Schwartzberg, Esq.
1 Bridge St., Suite 210
Plymouth, NH 03264
(603) 536-2700

Complaint

## Jurisdiction and Venue

Venue is proper, as all actions and parties to this suit have or will occur in the State of New Hampshire.

This Court has jurisdiction under the U.S. Constitution's 14th Amendment, specifically the unequal treatment before the law, clause. Additionally, the judgment the plaintiff seeks relief from, denies the plaintiff his property, without allowing the judgment to be appealed, despite the plaintiff seeking in his motion before the named Court, an injunction, allowing appeal of this decision. The Court, under

Judge Garner, has denied the injunction, so that the plaintiff can appeal this decision and thus is also a procedural due process violation under the 5th and 14th amendments to the Constitution.

The respondent will be irreparably harmed, financially, should the order, for which the plaintiff seeks that this Court enjoin, be allowed to continue, as the issue will be decided by and for, the actions complained of. This will deny the plaintiff the ability to appeal the decision of 4th Circuit Court's decision using the proper appellate procedures, to the New Hampshire Supreme Court.

The plaintiff also believes that he should be afforded the ability to bring this matter before the New Hampshire Supreme Court, which will take approximately 45 days to brief, and be heard, will occur far beyond the time period where the appeal will have any substantive relief, should the order be allowed to proceed. No relief will be available, once this order is carried out, and the harms to the plaintiff's right to appeal the decision, will be irreparable.

Further, this particular order of the Family Court in Laconia, NH represents a takings of the plaintiff's property, in such a way, that he has not had the ability to properly appeal the decision of the trial Court judge. Further the contract, which the plaintiff seeks to enjoin, is likely to be undertaken within days, irreparably harming the plaintiff's rights, as enumerated.

Further, should the plaintiff's appeal to the New Hampshire Supreme Court be unsuccessful, no harms will befall the plaintiff's wife, but that is not the case for the plaintiff.

The respondent will demonstrate this, in his argument section of this complaint.

**Complaint:**

1)   The plaintiff and his ex-wife, Edythe Murphy ("Murphy") have been embroiled in a highly contested Dissolution of Marriage case (450-2015-DM-195), before Judge Michael H. Garner ("Judge Garner").

2)   This divorce case has finalized with the Final Decree of Divorce having issued on 8/4/15.

3)   On 10/1/15, Murphy filed a false and perjurious ex-parte Domestic Violence Petition (450-2015-DV-232) against the plaintiff. This forced the plaintiff to be removed from the marital residence, an apartment located at 13 Drake Rd., New Hampton, NH. The domestic violence petition was subsequently dismissed for the fact that no violence had occurred, and that the plaintiff's wife's answers at hearing were termed "variable" by Judge Garner. Judge Garner allowed the plaintiff's wife to retain exclusive use and control of the marital apartment, granting the plaintiff exclusive use and control of the parties property, a parcel of land in Campton, NH to the plaintiff.

4)   The disabled and terminally ill plaintiff was forced to live in his pick-up truck for the majority of the winter on the parties property while the divorce was pending, upon which there was a home under construction. There had only been a foundation poured and a well dug, at the point the plaintiff was forced to live on the property.

5)   The plaintiff had contracted, and paid the local utility company to install power poles, and to terminate their power installation, at the plaintiff's installed meter socket and temporary electrical service.

6)      On 11/6/15, the plaintiff's ex-wife, sought and received an injunction from the family Court in Laconia, NH, to prevent the plaintiff from installing the power that had been previously paid for, and contracted for.   The Court refused to allow the plaintiff to install the power, despite the plaintiff's claims based on humanitarian reasons, such that he could have had some minimal comforts, and to power his prescribed and medically necessary oxygen equipment, which he had been powering with a portable generator.  The generator was less than reliable, and did present a danger to the plaintiff, in that it did not provide adequate, and reliable power for the plaintiff's medical needs.

7)      The terms of property division had been specified by Judge Garner, on 8/4/16, with the parties required to sell the property.

8)      On 10/24/16, the plaintiff petitioned the Court to terminate the power installation, and to have the utility company return the parties' unused account balance, which totals in the range of some $6,000, returned and that these proceeds be split fairly between the parties.

9)      At hearing on 11/21/16, the matter was heard before Judge Garner, where the plaintiff maintained his position, that the installation of power poles be terminated, and the proceeds be returned to the parties.

10)     At the hearing of 11/21/16, the plaintiff's wife maintained that she wished to now complete the power installation, as she believed that it would increase the sales price of the parties land.  The plaintiff objected, claiming they were naive, to believe that it would increase the value of the parties land, as the installation would destroy the parties picturesque view from the home site.  It should be noted that the listing price had already been set, by the plaintiff's wife, as the Court put her exclusively in charge of listing and selling the parties land.

11)     The plaintiff objected on the basis that the currently planned installation, would detrimentally affect the sales price of the land, given the utility company's improper placement of the upper power pole, right in the middle of the home site's picturesque mountainous view.  Particularly, this power pole and it's transformer blocked the view of an antique covered bridge.  Had the plaintiff installed the power, that he was enjoined from doing on 11/6/15, he would have moved the power pole with the heavy equipment that was on the land at that date.  That heavy equipment has since been removed.

12)     At the hearing of 11/21/16, the plaintiff's wife asserted that she could complete the power installation for the credit balance left on the account.  The plaintiff, being a professionally certified electrical engineer, knows that this was a false statement, made by a naive person, and that in fact, having been the point person, communicating with the utility company, insofar as the specific deficiencies that existed for the power installation, believes that it will cost at least an additional $10,000, owing to the fact that the location of the electrical service is an area where ledge is problematic, and that extensive work would need to be done, beyond a typical installation.

13)     At the hearing of 11/21/16, the plaintiff's wife, under the penalty of perjury, indicated that she could, and would complete the power pole installation for the amount of money left as a credit balance, in the account with the utility company.  The plaintiff only agreed to the plaintiff's wife's claim, that she would complete the installation, for the amount of money in the account, in the advent the Court found against the plaintiff, for his request to terminate the account.

14) The account where the money has been deposited for the power pole installation, is listed, exclusively in the plaintiff's name.

15) The Court, in it's decision, mis-characterized it's decision on the power pole installation, in such a way, as to make it sound that the plaintiff had agreed to the installation to go forward. The plaintiff maintains that this characterization, is false.

16) Further, the Court in it's decision, stripped the plaintiff's concerns about the fact that the power pole installation would in fact, cost additional thousands of dollars, and that the Court's decision appears to have been written in such a way that the plaintiff will be responsible for half of the cost over-runs that will be inevitable. The plaintiff made no such agreement, nor anything approaching the terms the Court listed in it's decision.

17) On 11/28/16, the plaintiff filed a motion for reconsideration of the Court's decision, listing specifically, his objections to the power poles installation, particularly the actual diminishment of the parties real estate value and the fact that the decision ignored the plaintiff's wife's contention that she would be responsible for the cost overruns. and other extraneous matters before the Court that were heard. The plaintiff pointed out his objections, and asked that the Court enjoin the power pole installation from going forward, until as such time as he was able to present a proper appeal to the New Hampshire Supreme Court for this matter.

18) In it's decision on the plaintiff's motion for reconsideration, the Court left open the question about who would be responsible for the inevitable cost over-runs, and implied that they would be equally shared, despite the petitioner having represented, under oath, that they would install the power installation, without there being any cost over-runs. The plaintiff believes the fact that they made this statement, swayed the Court to allow the installation to go forward. Nonetheless, the Court now seems to have revised the history of the proceedings, to the plaintiff's harm, and that further, the Court has revised the terms of the plaintiff's wife's contention that she would complete the installation for the amount of the credit balance in the account.

19) The plaintiff asked that the Court, in his motion for reconsideration, to enjoin the power pole installation to proceed, until such time as he is able to properly appeal the decision to the New Hampshire Supreme Court. An attorney the plaintiff has consulted has indicated that such an appeal, to be filed, and heard, would take a minimum of 45 days, as the requirements of the New Hampshire Supreme Court require written transcripts, and all case file records of the particular motion.

**Argument:**

The plaintiff would first argue that the Court has treated the plaintiff unequally before the law, as he had sought to install the power poles, for humanitarian purposes, in that he needed the power to power his prescribed and medically necessary oxygen equipment, and other medical devices, but was denied, and enjoined by this Court from proceeding with the installation, for no good cause shown by the plaintiff's wife.

The plaintiff would argue, now that the plaintiff's wife has listed the parties real estate for $189,000, prior to the installation of the power poles, that there is and will be no appreciation to the sales price, as contended by the plaintiff's ex wife at hearing on 11/21/16. Rather, the currently planned installation

will destroy at least $10,000 and more likely, far more, in property value if the installation is allowed to proceed.

The plaintiff would further make the claim that the fact that Judge Garner will not enjoin the power installation contract to proceed, without allowing the plaintiff to make a proper appeal before the New Hampshire Supreme Court, denies the plaintiff procedural due process, in the Court's taking of the plaintiff's property. The plaintiff contends that the taking of the funds, in the account for the installation, and the diminishment of the property value, are in fact, the taking of the plaintiff's property without full due process, both substantively and procedurally.

**Relief Sought:**

The plaintiff would seek that this Court, under it's jurisdiction over constitutional harms, enjoin the power pole installation from proceeding, and that it issue a temporary injunction, preventing the plaintiff's wife from proceeding with the installation, until such time as a timely appeal has been filed, and adjudicated by the New Hampshire Supreme Court. The plaintiff would seek that this Court inform the defendants, should this Court order a preliminary injunction, of this fact.

The plaintiff would seek that this Court, order this on an emergent basis, as once the power installation is completed, the plaintiff's right to appeal will be denied, and that the harm to the plaintiff's funds in the account and his property value will be irreparably harmed.

Further, if the plaintiff's wife does somehow begin the installation, before this Court may issue an injunction, that the plaintiff be ordered to "undo" any changes made, towards the completion of the installation, at her cost.

Respectfully submitted, and attested to, on 11/29/16,

_____
Kevin Rogers
P.O. Box 71
Campton, NH 03223
(603) 728-7199

I further certify that I have mailed, by U.S. Mail, and by email, a copy of this motion to Ora Schwartzberg, Esq., Counsel for Defendant Murphy on this date: _____

I further certify that I have hand delivered, on this date, a copy of this Motion to the Family Court, in Laconia, NH for Judge Michael H. Garner _____