UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Kevin J. Rogers

    v.                                         Civil No. 16-cv-520-JL

Hon. Michael H. Garner,
New Hampshire Circuit Court,
4th Circuit, Family Division-
Laconia; and Edythe Murphy

**REPORT AND RECOMMENDATION**

Pro se plaintiff, Kevin J. Rogers, has filed a complaint (Doc. No. 1), which is before the court for preliminary review pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2). Rogers also filed a motion for a preliminary injunction (Doc. No. 2), which the district judge denied. See Dec. 1, 2016 Order. The court considers the factual assertions in both the complaint and motion for preliminary injunction in this preliminary review.

**Preliminary Review**

I. **Standard**

The magistrate judge in this court conducts a preliminary review of complaints filed in forma pauperis. See LR 4.3(d)(2). The magistrate judge may recommend to the district judge that claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be

granted.  See 28 U.S.C. § 1915(e)(2).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## II.  Background

This is the third case plaintiff filed in federal court in 2016 relating to issues that have arisen in a state divorce proceeding.  Each of the defendants named here was named as a defendant in one of the two prior cases in this court.  Those prior cases were dismissed on the bases of Younger abstention and judicial immunity.[1]  See Rogers v. Cunningham, No. 16-cv-111-SM (D.N.H. May 26, 2016), R&R approved, No. 16-cv-111-SM (D.N.H. June 29, 2016); Rogers v. N.H. Cir. Ct., No. 16-cv-107-JL (D.N.H. June 3, 2016), R&R approved, No. 16-cv-107-JL (D.N.H. July 18, 2016).  Further, plaintiff's requests for emergency relief in those cases, including an order staying ongoing divorce proceedings, were denied as precluded by Younger and the Anti-Injunction Act.

In this case, plaintiff asserts Fourteenth Amendment claims arising from three adverse orders issued in the same contested

---

[1]See generally Younger v. Harris, 401 U.S. 37 (1971).

2

divorce proceeding between plaintiff and defendant Edythe Murphy, Case No. 650-2015-DM-0195 (N.H. Cir. Ct., 4th Cir., Family Div.-Laconia) ("divorce case"), at issue in the prior cases plaintiff filed in this court. Defendant Judge Michael Garner has been the presiding judge in that case.

The first adverse order at issue was issued on November 5, 2015. Plaintiff describes that order as granting Murphy's motion to enjoin plaintiff from installing electrical service on land in Campton, New Hampshire ("Campton property"), where plaintiff was living at that time. The funds plaintiff asserts he paid to cover the cost of the installation were deposited into a utility company account for that purpose.

The second pertinent adverse order was issued by Judge Garner on November 21, 2016, following a hearing. Plaintiff alleges he filed a motion in October 2016 seeking to enjoin Murphy from directing contractors to finish installing electrical service on the Campton property. The November 21, 2016 Order, see Doc. No. 2, at 7-9 ("November 21 Order"), states that the parties to the family court proceeding agreed Murphy could complete the work to provide electrical service to the property and specifically provides that Murphy is entitled to use the balance in the utility account to complete that work.

The third adverse order is Judge Garner's November 28, 2016

3

order denying, in pertinent part, plaintiff's motion to reconsider the November 21 Order.  See Order, Divorce Case (Nov. 28, 2016) (Doc. No. 2, at 17) ("November 28 Order"). Plaintiff's motion to reconsider specifically requested that the family court prevent Murphy from completing the electrical hook-up on the Campton property, until the New Hampshire Supreme Court reviewed plaintiff's appeal of the November 21 Order, which plaintiff had not yet filed.  The November 28 Order does not grant plaintiff the injunction he requested.

   Plaintiff next filed this case in federal court, collaterally challenging each of those three state court orders. Plaintiff alleges that the November 2015 Order (enjoining him from installing power on the Campton property) violated his right to equal protection; and that both the November 21 and November 28 Orders violated his due process rights and effected a taking of his property, as, plaintiff speculates, the power installation work could be completed in a manner adversely affecting his property rights, before the New Hampshire Supreme Court will have time to consider an appeal.  In this court, plaintiff seeks: 1) injunctive relief, to prevent Murphy from completing the electrical utility work on the Campton property, and 2) a mandate allowing plaintiff to "undo" any work that has been completed, at Murphy's cost.

A docket summary prepared by the N.H. Circuit Court, Family Division, indicates that on February 8, 2017, final orders were issued in the divorce case on a number of motions, including a motion for contempt.  The docket summary indicates that the court closed that case on that date.

### III. Discussion

#### A. Younger Abstention

Younger abstention provides a basis for dismissing this action, to the extent there are any issues remaining pending in the divorce proceeding, including any appeal of matters in that action.  While the case appears to have been closed in the Circuit Court, Family Division, on February 8, 2017, plaintiff has pleaded facts here indicating that he would appeal the adverse orders in the New Hampshire Supreme Court.  Nothing in the record before this court suggests that plaintiff abandoned that plan and neither filed, nor will file, a timely appeal in the New Hampshire Supreme Court.

> Under Younger v. Harris, 401 U.S. 37 (1971), federal courts are required to abstain from enjoining ongoing state court proceedings absent extraordinary circumstances. . . . Under Younger, a federal court must abstain "if (1) there is an ongoing state judicial proceeding involving the federal plaintiff that (2) implicates [certain] important state interests and (3) provides an adequate opportunity for the federal plaintiff to assert his federal claims."

Colonial Life & Acc. Ins. Co. v. Medley, 572 F.3d 22, 26 (1st

Cir. 2009) (citations omitted); see also Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 591 (2013) (Younger may apply in "'civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions'" (citation omitted)); Sirva Relocation, LLC v. Richie, 794 F.3d 185, 192 (1st Cir. 2015) (Younger applies to proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts" (citation omitted)).  When Younger applies, abstention is mandatory, and the federal court is deprived of any discretion to grant injunctive relief.  See Colo. River Water Conserv. Dist. v. United States, 424 U.S. 800, 816 n.22 (1976).

　　The divorce case, in pertinent part, was pending in the Circuit Court, Family Division, at the time plaintiff filed this action.  A series of motions in that matter remained unresolved until February 8, 2017, when the court in that case issued an order closing the case.  Plaintiff's pleadings here indicate plaintiff intended to file an appeal in the New Hampshire Supreme Court, and nothing in the record suggests that plaintiff abandoned that plan.  Accordingly, to the extent either party in the divorce case has filed additional motions since February 8, 2017, or any party has filed an appeal in the New Hampshire Supreme Court that remains pending at this time, the first

Younger factor is satisfied.

As to the remaining factors, the divorce proceeding implicates important state interests in distributing property and implementing procedures for resolving matters at issue in the divorce case.  The Younger abstention doctrine applies here, as the relief plaintiff seeks is an injunction that would interfere with the rights adjudicated in the proceeding between divorced parties, relating to an order assigning control over funds to Murphy.  Rogers's request for injunctive relief would target, and substantially interfere with, the family court's order allowing Murphy to access certain funds to perform work authorized by that court's order.  Plaintiff has an adequate opportunity in that case to raise his federal constitutional claims of discrimination and/or due process violations in the state proceedings, in both the Circuit Court and, on appeal, in the New Hampshire Supreme Court.  Rogers has failed to make a sufficient showing of bad faith or other extraordinary circumstances that would warrant this court's exercise of its equitable powers in a manner that would alter the orders issued in that case.

To the extent that all three Younger factors are present in the instant case, this court's abstention would be mandatory. Rogers's claims for injunctive relief, seeking to stay or

7

otherwise enjoin the family court's disposition of the divorce case, should be dismissed.

### B. Judicial Immunity

Rogers's claims concerning violations of his Fourteenth Amendment rights in the divorce case are construed as intending to state claims under 42 U.S.C. § 1983 against the presiding judge, relating to orders issued in the divorce case. Plaintiff specifically requests injunctive relief.

Section 1983 bars claims for injunctive relief asserted against judges for actions taken in their judicial capacity, "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; see also Adames v. Fagundo, 198 F. App'x 20, 22 (1st Cir. 2006). Rogers's claims asserted against Judge Garner concern judicial acts. Rogers has not shown that any declaratory decree has been violated, or that declaratory relief is unavailable. Accordingly, Rogers's injunctive relief claims asserted under § 1983 against Judge Garner should be dismissed.[2]

---

[2]Rogers has not asserted a § 1983 claim for damages against the judge he has named as a defendant. Nor could he, based on the allegations at issue. A family court judge's issuance of an order relating to property in a divorce case is judicial act, within that court's jurisdiction. Absolute immunity, precluding a suit at the outset, applies to "any normal and routine judicial act" undertaken within the scope of the judge's jurisdiction, "no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or

8

## Conclusion

For the foregoing reasons, the district judge should dismiss this action in its entirety. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 15, 2017

cc: Kevin J. Rogers, pro se

---

how malicious the motive." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989).